IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WILLIAM FINCHUM, NICHOLLETTE MATTHEWS, ALECIA MORROW, and KEELON ELLIS, | ] ] ] ] |
| Plaintiffs, | ] |
| vs. | ] Case No: |
| SPRING COMMUNICATIONS HOLDING, INC., | ] ] ] |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiffs, William Finchum, Nichollette Matthews, Alecia Morrow, and Keelon Ellis, by and through counsel and for cause of action, will respectfully show to the Court as follows:

## NATURE OF SUIT

1. This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA").

2. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a

one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

3. Defendant violated the FLSA by failing to pay Plaintiffs the required rates at time and one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.

4. Plaintiffs seek payment for unpaid overtime work and liquidated damages that they were deprived of due to Defendant's violations of the FLSA.

## JURISDICTION and VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), and the claim raises a federal question pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiffs worked in this district for Defendant, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff William Finchum is a former employee of Defendant Spring Communications Holding, Inc.

8. Plaintiff Nichollette Matthews is a former employee of Defendant Spring Communications Holding, Inc.

9. Plaintiff Alecia Morrow is a former employee of Defendant Spring Communications Holding, Inc.

10. Plaintiff Keelon Ellis is a former employee of Defendant Spring Communications Holding, Inc.

11. Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

12. Defendant Spring Communications Holding, Inc. was an employer within the meaning of 29 U.S.C. § 203(d) of the FLSA.

13. Defendant comprised an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

14. Defendant has done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

15. Plaintiffs were engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of their employment with Defendant.

## FACTUAL ALLEGATIONS

16. Defendant operates retail stores offering AT&T branded wireless services in locations across the United States.

17. Plaintiff William Finchum was employed by Defendant from approximately March 2010 until December 2018.

18. Plaintiff Nichollette Matthews was employed by Defendant from approximately September 2017 until October 2018.

19. Plaintiff Alecia Morrow was employed by Defendant from approximately March 2014 until January 2018.

20. Plaintiff Keelon Ellis was employed by Defendant from approximately August 2013 until January 2018.

21. Plaintiffs worked as assistant managers and store managers for Defendant's retail stores in Middle Tennessee.

22. For their work, Defendant compensated Plaintiffs primarily on an hourly basis.

23. Defendant also compensated Plaintiffs with non-discretionary bonuses and commissions.

24. Plaintiffs clocked in while working their shift at the store.

25. In working for Defendant, Plaintiffs were regularly required to work more than 40 hours per week.

26. In working for Defendant, Plaintiffs worked a standard work week of at least 45 to 50 hours per week.

27. Defendant regularly required Plaintiffs to perform work off the clock including but not limited to time spent communicating through the mobile messaging application GroupMe and participating in conference calls and in-person meetings.

28. Defendant's district managers and other management sent hundreds of messages per day to Plaintiffs via GroupMe threads.

29. Defendant required Plaintiffs to participate in a number of different message threads for various groups.

30. Defendant maintained different message threads for: all employees under a district manager; all employees under a store manager; and other groups of employees.

31. Dozens of employees were often participating in each message thread.

32. Defendant's messages included required tasks for Plaintiffs or other employees to perform, scheduling calls or other items on the day's agenda.

33. Defendant required Plaintiffs to respond and/or confirm receipt of each and every message within a limited amount of time.

34. Defendant threatened to discipline Plaintiffs if they did not respond or participate within the GroupMe threads.

35. Many of the GroupMe messages were sent outside of hours Plaintiffs spent clocked in at the store.

36. Defendant also required Plaintiffs to participate in conference calls and attend meetings off the clock.

37. Plaintiffs worked an average of approximately 8 hours each week off the clock.

38. Defendant failed to compensate Plaintiffs for the time spent working off the clock.

39. Defendant failed to keep accurate time records of all time spent working by Plaintiffs.

40. Defendant willfully failed to comply with the maximum hour provisions of the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiffs one and one-half (1.5) times their standard hourly rates for all hours worked in excess of 40 hours.

41. Throughout their employment with Defendant, Plaintiffs were "non-exempt" employees under the FLSA.

42. Defendant knew the FLSA is applicable to their employment practices yet still failed to pay proper overtime wages to Plaintiffs.

43. Accordingly, Defendant's pattern or practice of failing to pay Plaintiffs in accordance with the FLSA was in willful violation of the FLSA.

44. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

45. Defendant claims it had an arbitration procedure in place to handle all employment claims, including those under the FLSA. (The C.A.R.E.S. program)

46. Plaintiffs, while not admitting the arbitration process should apply, informed Defendant on October 23, 2018 they were willing to undertake the requirements of this program.

47. Six months later, Defendants have refused to participate in their own program.

48. Defendants have clearly waived the requirements of this arbitration program, and as such, Plaintiffs statute of limitations should be tolled back to October 23, 2018.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

49. Plaintiffs hereby re-alleges the foregoing paragraphs as though fully set forth herein.

50. Plaintiffs were entitled to the FLSA's protections.

51. Defendant is an employer covered by the FLSA.

52. Defendant willfully failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rates for all hours worked in excess of 40 hours for Defendant.

53. Defendant further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 U.S.C. § 216(b) of the FLSA.

54. Defendant, by such failure, willfully violated the overtime provisions of 29 U.S.C. § 207 of the FLSA.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiffs and against Defendant, for:

(1)  All amounts of wages, including overtime, that Plaintiffs should have received under the FLSA but for Defendant's willful violation of their rights, plus an equal amount in liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

(2)  All reasonable costs, interest and attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b);

(3)  Any such other legal relief as may be appropriate or to which they may be entitled under federal law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP,**

**/s/ JONATHAN A. STREET**
**JONATHAN A. STREET, BPR No. 021712**
**A. RYAN SIMMONS, BPR No. 31456**
Attorneys for Plaintiff
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632