UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM FINCHUM, NICHOLETTE MATTHEWS, ALECIA MORROW, and KEELON ELLIS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:19-cv-348 ) |
| SPRING COMMUNICATIONS HOLDING, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are all former employees of Spring Communications Holding, Inc. During the course of their employment, each Plaintiff signed the "GameStop C.A.R.E.S. Rules of Dispute Resolution Program Including Arbitration." (Doc. No. 19-2 at 6). GameStop C.A.R.E.S. is "an agreement to arbitrate pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1-4." (Id. at 7). "Covered Claims" are defined to include employment discrimination, harassment, retaliation, along with federal and state law relating to wages. (Id. at 8).

Notwithstanding the arbitration agreement, Plaintiffs filed suit in this Court under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* claiming that they were not paid time and a half for overtime work. Defendant now moves to dismiss or stay because of the arbitration clause.

**I.**

There is strong federal policy in favor of arbitration of disputes. O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 356 (6th Cir. 2003); Decker v. Merrill Lynch, Pierce, Fenner & Smith,

Inc., 205 F.3d 906, 911 (6th Cir. 2000). "Because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred." Glazer v. Lehman Bros., 394 F.3d 444, 450 (6th Cir. 2005) ; accord Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc., 350 F.3d 568, 573 (6th Cir. 2003). In fact, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

Despite the strong preference favoring arbitrations, Plaintiffs object to enforcing the agreement in this case on three grounds. None are persuasive, particularly because the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000).

**A.**

First, Plaintiffs argue that Defendant is not a party to the arbitration agreement it is attempting to enforce. As support, Plaintiffs point to language in the agreement stating that "GameStop C.A.R.E.S. covers all GameStop employees in the U.S. and Puerto Rico, including employees of GameStop, Inc. GameStop Texas, Ltd., and Sunrise Publications, Inc." (Doc. No. 19-2 at 5). Because Spring Communications in not mentioned in this clause, Plaintiffs argue it cannot compel arbitration. They analogize the facts in this case to those in Weckesser v. Knight Enterprises S.E., LLC, 735 F. App'x 816 (4th Cir. 2018), a Fourth Circuit unpublished opinion.

In Weckesser, the court held Knight Enterprises could not enforce an arbitration agreement where "[t]he text of the [arbitration agreement] doesn't show a clear intent to make Knight Enterprises a third-party beneficiary" to the contract between Patrick Weckesser and Jeffrey Knight.

2

Id. at 824. Here, in contrast, there was a clear intent to make Spring Holding Communications – a GameStop subsidiary – a party to the arbitration agreement. GameStop C.A.R.E.S. specifically defines "GameStop" and the "Company" to  "mean[] GameStop, Inc., GameStop Texas, LTD and Sunrise Publications, Inc., and *all* present and past *subsidiaries*, and *affiliated companies*[.]" (Doc. No. 19-2 at 20) (emphasis added). Given this language, Weckesser is inapposite, and the facts in this case are much closer to those presented in Broaddus v. Rivergate Acquisitions, Inc., No. 3:08-0805, 2008 WL 4525410 (M.D. Tenn. Oct. 1, 2008) and Aldrich v. University of Phoenix, Inc., No. 3:15-CV-00578-JHM, 2016 WL 915287 (W.D. Ky. Mar. 4, 2016) .

In Broaddus, Judge Todd Campbell found plaintiff's discrimination and retaliation claims against his former employer Rivergate Acquisitions, Inc. to be arbitrable under an  agreement  that defined the "Company" to include "its owners, directors, officers, managers, employees, [and] agents." 2008 WL 4525410 at *2. Because the "Company" was the parent of "its agent and subsidiary corporation" Rivergate Acquisitions, Inc., plaintiff's claims were subject to arbitration. In Aldrich, the University of Phoenix was covered by an arbitration agreement as a subsidiary of the Apollo Group where the agreement defined the "Company" as including "Apollo Group, Inc. and its subsidiaries." 2016 WL 915287, at *7. Just as in Broaddus and Aldrich, Spring Communications is a subsidiary and party to the arbitration agreement.

**B.**

Second, Plaintiffs argue the agreement to arbitrate is invalid and unenforceable because it is an unconscionable contract of adhesion "offered on what amounts to a 'take it or leave it' basis[.]" (Doc. No. 24 at 5). They note that "the agreement is a standard form and clearly provides no negotiation as evidenced by simply requiring the employee's signature rather than any back and

3

forth between the parties." (Id.). Plaintiffs also argue, the agreement is unconscionable because it "fails to reference any waiver of a jury trial." (Id. at 6).

Adhesion and unsciounability of an arbitration agreement cannot be "simpl[y] assumed," Cooper v. MRM Inv. Co., 367 F.3d 493, 503 (6th Cir. 2004), and "[m]ere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context," Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 32 (1991). While Plaintiffs rely on Walker v. Ryan's Family Steak Houses, Inc., 400 F.3d 370, 384 (6th Cir.2005 ) to support their contract of adhesion argument, the Sixth Circuit in that case merely "reiterated Tennessee's standard for finding a contract of adhesion in an employment context: 'To find their Arbitration Agreements adhesive, the district court was required to cite evidence that [Plaintiffs] would be unable to find suitable employment if [they] refused to sign [the arbitration] agreement.'" Seawright v. Am. Gen. Fin. Servs., Inc., 507 F.3d 967, 976 (6th Cir. 2007); see also, Howell v. Rivergate Toyota, Inc., 144 F. App'x 475, 478 (6th Cir. 2005) (internal citations omitted) ("In the employment context . . . an arbitration agreement is not a contract of adhesion unless the employee would be unable to find a suitable job if he refused to agree to arbitrate. The employee bears the burden of showing that other employers would not hire him."); Cooper, 367 F.3d at 502 (emphasis in original) ("To find *this* contract adhesive, however, there must be evidence that [plaintiff] would be unable to find suitable employment if she refused to sign [the] agreement. She presented no such evidence. For instance, she did not allege that she looked for comparable jobs but was unable to find one. Generalizations about employer practices in the modern economy cannot substitute for such evidence."). Plaintiffs have offered the Court no evidence to support such a finding in this case.

Nor is the arbitration agreement unconscionable simply because it does not inform the

4

employees that they are giving up the right to a jury trial. The Sixth Circuit "has flatly rejected the claim that an arbitration agreement must contain a provision expressly waving the employees right to a jury trial." Cooper, 367 F.3d at 508. After all, "'a party who enters an arbitration agreement necessarily consents to the clear and obvious consequence: the surrender of his right to go to trial.'" Id. (quoting Burden v. Check Into Cash of Kentucky, LLC, 267 F.3d 483, 492 (6th Cir.2001); see also, Smiley v. American Famila Care, Inc., No. 3:18-CV-00994, 2019 WL 3231366, at *4 (M.D. Tenn. July 18, 2019) (observing that "the Sixth Circuit has held that an arbitration agreement need not contain an explicit waiver of the right to a jury trial").

## C.

Third and finally, Plaintiffs argue Defendant has waived its right to arbitrate because they attempted to comply with the C.A.R.E.S. program by requesting an internal review on October 23, 2018, but Defendant ignored that request. Plaintiffs surmise that "Defendant conceivably attempted to delay as long as possible," so that damages would decrease because the clock continues ticking in an FLSA action until litigation is commenced. (Doc. No. 24 at 7). Defendant paints a vastly different picture of what actually occurred, claiming that Plaintiffs dropped the ball by failing to pursue the matter for more than five months after defense counsel said that he would need to talk to his client about a proposed settlement offer and tolling agreement.

No matter who is ultimately to blame for the delay, waiver, as already noted, "is not to be lightly inferred," O.J. Distrib., 340 F.3d at 355–56, and "the party seeking to prove waiver bears a heavy burden of proof," Linglong Americas, Inc. v. Tire, No. 1:15 CV 1240, 2016 WL 2610264, at *2 (N.D. Ohio May 6, 2016) (collecting cases). See also, Broaddus, 2008 WL 4525410, at *2 (stating that waiver of arbitration is not to be lightly inferred" and "the party opposing arbitration

on the basis of waiver bears a heavy burden"). Plaintiffs have wholly failed to carry that burden.

"In this circuit, a party may waive a contractual right to arbitrate by '(1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" Metlife Sec., Inc. v. Holt, No. 2:16-CV-32, 2016 WL 3964459, at *9 (E.D. Tenn. July 21, 2016) (quoting Johnson Assocs. Corp. v. HL Operating Corp., 680 F.3d 713, 717 (6th Cir. 2012)). There is nothing before the Court suggesting either of these things. To the contrary, the record seems clear that Defendant never relinquished its position that Plaintiffs' claims were arbitrable. Further, once the case was filed, Defendant promptly moved to dismiss or stay subject to arbitration in lieu of filing an answer or otherwise responding to the complaint. Simply put, Defendants have not been shown to have taken any actions that were completely inconsistent with its professed desires to arbitrate Plaintiffs' claims.

## II.

As stated at the outset, Defendant has moved to dismiss this case, or in the alternative, to stay these proceedings and compel arbitration. Under the Federal Arbitration Act, if a court determines a cause of action is covered by an arbitration agreement, it generally must stay the proceedings until the arbitration is completed. 9 U.S.C. § 3; see Hilton v. Midland Funding, LLC, 687 F. App'x 515, 519 (6th Cir. 2017) (observing that Section 3 requires a court to stay the proceedings where (1) the issues are arbitrable; (2) a party requests a stay; and (3) the party requesting the stay is not in default). Accordingly, Defendant's Motion to Dismiss, or in the Alternative for Stay Pending Arbitration (Doc. No. 15) is **GRANTED** to the extent Defendant requests a stay. The parties are **ORDERED** to arbitrate their dispute in accordance with their agreement to arbitrate, and this case

is hereby **STAYED** pending completion of the arbitration proceedings.

The Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE** this as a pending case, subject to reopening upon the written motion of one or more of the parties after arbitration has concluded.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE